IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ALLIANCE DATA SYSTEMS
CORPORATION and LOYALTYONE US,
INC.,

        Plaintiffs,

v.

LOC ENTERPRISES, LLC,

        Defendant.

No.

## **COMPLAINT**

Plaintiffs, Alliance Data Systems Corporation and LoyaltyOne US, Inc. (collectively "Alliance Data", "LoyaltyOne" or "Plaintiffs") and for its complaint against Defendant, LOC Enterprises, LLC ("Defendant"), state as follows:

### **Nature of the Action**

1.     This case is about Defendant's willful infringement of Alliance Data's LOYALTYONE trademarks. Alliance Data uses its LOYALTYONE trademarks for a number of related goods and services, including incentive rewards programs which are also commonly referred to as customer loyalty programs. Defendant has infringed the LOYALTYONE trademarks by using the LOC trademark and/or LOC CARD trademark alone and in conjunction with the slogan ONE CARD. A WORLD OF REWARDS.



Defendant's conduct, including adopting the slogan ONE CARD. A WORLD OF REWARDS is an indication of Defendants' intentional and willful infringement.

## Parties

2.     Alliance Data is a corporation organized under the laws of the State of Delaware with its principal place of business in Plano, Texas.  Alliance Data, through its wholly owned subsidiary LoyaltyOne US, Inc. ("LoyaltyOne"), provides customers in the United States and throughout the world with a wide range of customer insight and strategy, marketing and loyalty programs and customer experience management.  Alliance Data owns the trademarks that are the subject of this action.  LoyaltyOne is a corporation organized under the laws of the State of Delaware with its principal place of business in Blue Ash, Ohio.

3.     Defendant is an Ohio limited liability company with its principal place of business in Maineville, Ohio.  Defendant is involved in connecting consumers with merchants' rewards and loyalty programs, which services are similar to Alliance Data's services.

## Jurisdiction and Venue

4.     Defendant transacts and is doing business within Illinois and in this judicial district.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338, as a civil action arising under the Lanham Act, 15 U.S.C. §1114 and §1125 *et seq.* This Court also has supplemental jurisdiction under 28 U.S.C. §1367(a).

6.      This Court has personal jurisdiction over Defendant because it transacts business and is doing business in Oak Brook, Illinois and in this judicial district.

7.      Venue is proper in this district under 28 U.S.C. §§1391(b) and 1391(c) because the events giving rise to the claims arose in this judicial district and because personal jurisdiction exists over Defendant in this judicial district.

## General Allegations

8.      Alliance Data owns numerous federal trademark registrations for LOYALTYONE trademarks.  The LOYALTYONE trademark is a well-known trademark, and Alliance Data and its subsidiary LoyaltyOne have protected their interests by registering LOYALTYONE as a trademark in the United States and in numerous other jurisdictions around the world.  A list of the United States trademark registrations for LOYALTYONE owned by Alliance Data is attached as Exhibit A.  Alliance Data and LoyaltyOne also own common law trademark rights in the LOYALTYONE trademarks in the United States and elsewhere around the world.  All of Alliance Data's and LoyaltyOne's right in and to the LOYALTYONE trademarks are hereinafter referred to as the LOYALTYONE Trademarks.  The LoyaltyOne website consists of a blue, green and white color combination.  A screenshot of the LoyaltyOne website is attached as Exhibit B.

9.      Defendant adopted and is using in United States commerce the trademarks LOC ("LOC Trademark"), LOC CARD ("LOC CARD Trademark"), and ONE CARD. A WORLD OF REWARDS. ("ONE CARD. A WORLD OF REWARDS. Slogan)(collectively, the "LOC Trademarks").  Defendant owns U.S. trademark applications for the LOC Trademarks.  The particulars of Defendant's U.S. trademark applications for the LOC Trademarks are attached as Exhibit C.

10.     Defendant's ONE CARD. A WORLD OF REWARDS. Slogan appears directly below the LOC Trademark on the face of Defendant's LOC cards as depicted on page 2 of this complaint.  The depiction of Defendant's LOC card comes from Defendant's Visual Identity Guidelines attached as <u>Exhibit D</u>.  The words "one card" from the slogan appear in very close proximity underneath the letters "OC" in the LOC Trademark on the face of the LOC card. Furthermore, the words "one card" appear in a black or dark grey font while the remainder of the slogan "a world of rewards" appears in green.  The LOC Trademarks and the LOC Trademark coupled with the  "ONE CARD. A WORLD OF REWARDS Slogan infringe Alliance Data's LOYALTYONE trademarks, trademarks that are federally registered and have been in widespread use for over ten years.

11.     Defendant's adoption and use of the LOC Trademarks is not coincidental.  Active and ongoing press coverage of the Defendant's launch of its administration of a customer loyalty program refers to its LOC card as the "LOYALTY ONE CARD" as shown in <u>Exhibit E</u>.

12.     Defendant has supported the use of "LOYALTY ONE CARD" to refer to its LOC Card.  Specifically, on Defendant's Facebook page, Defendant states, "check out this great article on the LOC Card…", in which the LOC Card is referred to as the LOYALTY ONE CARD, as shown in <u>Exhibit F</u>.

13.     LOYALTY ONE CARD is nearly identical to the LOYALTYONE Trademarks, adding only the descriptive word "CARD."  Defendant's website also consists of a blue, green and white color combination, the same three colors primarily used on the LoyaltyOne website. A screenshot of Defendant's website is attached as <u>Exhibit G</u> and a side by side representation of Plaintiff's and Defendant's website is below.





14.     The LOYALTYONE Trademarks are valid and existing, and they acquired distinctiveness well before any use by Defendants of their LOC Trademarks relevant to this action.

15.     The LOYALTYONE Trademarks are inherently distinctive, as demonstrated in part by the granting of the federal trademark registrations.

16.     Alliance Data and LoyaltyOne have extensively used, advertised and promoted the LOYALTYONE Trademarks throughout the United States and in foreign countries in connection with its goods and services.

17.     As a result of Alliance Data's and LoyaltyOne's use, advertisement, and promotion of the LOYALTYONE Trademarks, the trademarks have become highly distinctive and have become well and favorably known throughout the United States and foreign countries as identifying Alliance Data's and LoyaltyOne's goods and services.   Alliance Data and LoyaltyOne have developed valuable goodwill in the LOYALTYONE Trademarks.

18.     LOYALTY ONE CARD, the commercial impression that has been created by the use of the LOC Trademarks and the use of the LOC Trademark coupled with the ONE CARD. A WORLD OF REWARDS Slogan, is strikingly similar in appearance to LOYALTYONE. Alliance Data and Defendant also have very similar services offerings, namely, customer loyalty program services.   Alliance Data and Defendant also have similar color schemes on their websites.

19.     Well after Alliance Data and LoyaltyOne began using the LOYALTYONE Trademarks, Defendant began to use the LOC Trademarks, and in doing so began to infringe and unfairly compete with Alliance Data and its LOYALTYONE Trademarks.  Defendant was likely well aware of Alliance Data's and LoyaltyOne's rights and trademarks, as LoyaltyOne has an office  less than 5 miles from Defendant's office.

20.     In addition, Alliance Data and LoyaltyOne brought its LOYALTYONE Trademarks, their prior use and ownership of the trademarks, and the widespread internet use of

LOYALTY ONE CARD to the attention of Defendant months ago and asked that it cease and desist from its infringing conduct and unfair competition.

21.     Despite these requests, Defendant has not ceased its conduct as described above. In fact, Defendant filed its trademark applications for LOC CARD and ONE CARD. A WORLD OF REWARDS. after the issues in this complaint were brought to the attention of Defendant by Alliance Data.    Defendant acted willfully and with knowledge of the LOYALTYONE Trademarks and the valuable goodwill and business reputation associated with those trademarks, and with intent to confuse, mislead and deceive the public into believing their goods and services came from Alliance Data and/or LoyaltyOne or that they were in some manner or associated with or endorsed by Alliance Data and/or LoyaltyOne.   In so doing, Defendant has unfairly competed with Alliance Data and LoyaltyOne and profited from its use of the LOC Trademarks.

22.     Defendant's conduct is likely to lead members of the relevant public and trade to believe that their goods and services are provided by or in association with or under the supervision or sponsorship of Alliance Data and/or LoyaltyOne.   As such, a likelihood of confusion exists between Alliance Data's and LoyaltyOne's legitimate and prior use of its LOYALTYONE Trademarks, and the unauthorized and subsequent use by Defendant of the LOC Trademarks.

23.     On information and belief, Defendant deliberately and willfully used the LOC Trademarks to trade on the reputation and goodwill Alliance Data has established in its LOYALTYONE Trademarks.

24.     Defendant claims that LOC stands for "LOCK" as a result of the privacy attributes of Defendant's LOC Card.   Yet, the lock design set forth in Defendant's Visual Identity Guidelines appears nowhere on the face of the LOC Card and nowhere on Defendant's

CHICAGO/#2550050.3

website and appears to simply be an after the fact justification for prior willful infringement of Defendant.

25.     Defendant's support of the public use of "LOYALTY ONE CARD" to describe its LOC Card belies the position that LOC stands for "LOCK".

26.     Defendant's use of the LOC Trademarks will likely weaken the distinctiveness of, or otherwise tarnish or diminish the LOYALTYONE Trademarks and will likely injure the business reputation of Alliance Data.

## COUNT I

### (Federal Statutory Trademark Infringement)

27.     Alliance Data repeats and realleges the allegations of paragraphs 1-26 of its complaint as if fully set forth here.

28.     Defendants' actions and conduct alleged above constitute infringement of a federally registered trademark in violation of 15 U.S.C. §§1114, et seq., and have caused irreparable harm, damage and injury to Alliance Data.

## COUNT II

### (Federal Unfair Competition)

29.     Alliance Data repeats and realleges the allegations of paragraphs 1-28 of its complaint as if fully set forth here.

30.     Defendant's actions and conduct alleged above constitute use in commerce of a word, term, name, or device and false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Alliance Data or as to the origin, sponsorship, or approval of Defendant's goods and services in violation of 15 U.S.C. §1125(a) and have caused irreparable harm, damage and injury to Alliance Data.

CHICAGO/#2550050.3

## COUNT III

### (Common Law Trademark Infringement)

31.     Alliance Data repeats and realleges the allegations of paragraphs 1-30 of its complaint as if fully set forth here.

32.     Defendants' actions and conduct alleged above constitute infringement of Alliance Data's common law trademark rights in violation of the laws of the State of Illinois and common law and have caused irreparable harm, damage and injury to Alliance Data.

## COUNT IV

### (Common Law Unfair Competition)

33.     Alliance Data repeats and realleges the allegations of paragraphs 1-32 of its complaint as if fully set forth here.

34.     Defendants' actions and conduct alleged above constitute unfair competition under the laws of the State of Illinois and common law and have caused irreparable harm, damage and injury to Alliance Data.

WHEREFORE, Plaintiffs, Alliance Data Systems Corporation and LoyaltyOne US, Inc., request that judgment be entered in their favor and against Defendant, LOC Enterprises, LLC, as follows:

1.     That Defendant and their agents, employees, licensees, affiliates, any parent and subsidiary corporations, attorneys, and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be preliminary and permanently enjoined and restrained from directly or indirectly:

(a)     Using the LOC Trademark, the LOC CARD Trademark, the ONE CARD. A WORLD OF REWARDS. Slogan or any variation;

(b)    Performing any acts that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Alliance Data is associated with Defendant, their goods, or services;

(c)    Using the LOYALTYONE Trademarks or other service marks, trademarks, or trade names owned by Alliance Data or engaging in any other conduct that creates a likelihood of injury to the business reputation of Alliance Data or a likelihood of misappropriation of Alliance Data's distinctive trademarks and goodwill associated with Alliance Data's distinctive trademarks; and

(d)    engaging in any acts or activities directly or indirectly calculated to trade upon the LOYALTYONE Trademarks, reputation or goodwill.

2.    That Defendant be required to pay to Alliance Data compensatory damages according to proof for the injury sustained by Alliance Data, which sum should be trebled under 15 U.S.C. §1117, as well as exemplary damages based upon their intentional and willful conduct.

3.    That Defendant be required to account to Alliance Data for any and all gains, profits, and advantages derived by it from the activities complained of in this complaint.

4.    That Defendant be required to pay to Alliance Data the cost of this action, together with its reasonable attorney's fees and interest.

5.    That Defendant be required to insert a disclaimer on their rebranded cards, website, and marketing materials stating that Defendant has no affiliation or relationship with Alliance Data and/or its subsidiaries.

6.    That Defendant be required to provide Alliance Data with a monitoring plan to ensure that there is no further use of LOYALTY ONE and/or LOYALTY ONE CARD by Defendant.

7.      That Alliance Data be granted such other and further relief as this Court deems just or equitable.

**<u>JURY DEMAND</u>**

Alliance Data demands a trial by jury on all issues triable of right by a jury which are raised for determination.

Respectfully submitted,

ALLIANCE DATA SYSTEMS
CORPORATION

By:   s/ Jason K. Schmitz
      One of Its Attorneys

Jason K. Schmitz
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois  60601-1003
T:  +1 (312) 609-7500

Dated:  March 31, 2014

-11-
